IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA RODRIGUEZ DIAZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>JEAN ANDRES PEREZ RODRIGUEZ, ET AL.,<br><br>Defendants. | **Civil No. 14-1651 (DRD)** |
| MARCEL PEREZ-GRAULAU,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY,<br><br>Third-Party Defendant. | |

### Marcel Pérez Graulau's Supporting Statement of Material Facts

TO THE HONORABLE COURT:

Pursuant to Local Rule 56(b), and in support of his accompanying Motion for Partial Summary Judgment, third-party plaintiff Marcel Pérez Graulau respectfully submits the following material facts (SUF) about which there are no genuine issues.

1. From November 3, 2012 to November 3, 2013 Universal Insurance Company (Universal) issued a "Personal Protection Package, "Number 541-042-22666 on behalf of Marcel Perez Graulau. (Exh. A, p. 1; *see also* Docket No. 87, ¶ 16— making relevant assertions in its answer.)

2. The Personal Protection Package includes two underlying policies for property and liability. Exh A, pp. 44-51 and pp. 30-43, respectively.

3. The Personal Protection Package also has an umbrella policy *(*Exh. B, pp. 1–7.*)*, and the umbrella policy is part of the Personal Protection Package. (Exh. A, pp. 52-58.)

4. The underlying liability policy contains certain exclusions concerning personal-liability coverage. (Exh. A, p. 47, ¶ A.)

5. The umbrella policy has its own definitions, coverages, exclusions, and conditions. *(See* Exh. B, pp. 1–4.)

6. The umbrella policy includes a section titled "Additional Coverages." *(*Exh. B, p. 2)

7. Under "Additional Coverages," the umbrella policy provides in pertinent part: Universal "will defend a suit against an insured resulting from an occurrence covered by this policy. This applies even if the suit is groundless." Exh. B, p. 2 § 1(a)

8. Below the above, it states: "We will not defend the insured when the occurrence is covered by the required underlying insurance or other insurance the insured has." (Exh. B, p. 2. §1(b).)

9. An "occurrence," according to the umbrella policy, is "an accident or continuous or repeated exposure to the same general conditions. It must result in bodily injury, property damage, or personal injury caused by an insured." (Exh. B, p. 1 § 4.)

10. According to the umbrella policy, an insured (among other definitions) "means . . . you . . . ." (Exh. B, p. 1 § 3(a).)

11. The umbrella policy defines "retained limit" as "the greater of:

    a. the total amount of the limit of liability of the Required Underlying Insurance or,

    b. if the occurrence is not covered by the Required Underlying Insurance, but is covered by this policy, a deductible amount of $250.00"

(Exhibit B, p. 1 § 10(a–b).)

12. The umbrella policy does not contain relevant exclusions. (*See* Exh. B, p. 2). And nowhere in the umbrella policy is there a clause adopting the terms, conditions, or exclusions of the underlying policies. (*See* Exh. B, pp. 1-7.)

13. The plaintiffs filed this diversity tort action against (among others) Pérez Graulau, suing him under a vicarious-liability theory for damages allegedly caused by his son, codefendant Jean Pérez Rodríguez. (Docket No. 87, ¶ 4— admitting Docket No. 77, ¶ 4; Docket No. 6, ¶¶ 29–31.)

14. According to the operative complaint, on September 27, 2013, an accident caused Angel Luis Fernańdez Rodríguez bodily injuries—provoking this underlying lawsuit and thus the vicarious-liability claims against Universal's insured, Pérez-Graulau. (*See* Docket No. 6, ¶¶ 17, 18, & 29–31.)

15. Pérez Graulau's counsel promptly (December 4, 2015) referred the complaint to Universal for defense. (Docket No. 87, ¶ 15—answering ¶15 at Docket No. 77.)

16. On December 17, Universal refused to defend Pérez Graulau. (Docket No. 87, ¶ 16— admitting ¶ 16 at Docket No. 77.)

17. Pérez Graulau has had to retain counsel. (*See, e.g.,* Docket Nos. 9 and 10.)

18. On October 27, 2015, Pérez Graulau filed a third-party complaint against Universal. (Docket No. 77.)

19. On December 21, 2015, Universal answered Pérez Graulau's third-party complaint. (Docket No. 87.)

20. In its answer, Universal disclaimed liability and coverage for the claims limned in the plaintiffs' complaint. (*See* Docket No. 87, p. 7, ¶¶ 3, 8–9.)

Dated: April 14, 2016                              Respectfully submitted

        **s/Sonia I. Torres Pabón**
        Sonia I. Torres Pabón
        USDC-PR No. 209310
        storres@melendeztorreslaw.com

        **s/Heriberto López-Guzmán**
        Heriberto Lopez-Guzman
        USDC-PR No. 224611
        hlopez@melendeztorreslaw.com

        **s/ Arturo V. Bauermeister**
        Arturo V. Bauermeister
        USDC-PR No. 302604
        abauer@melendeztorreslaw.com

        **Meléndez Torres Law, PSC**
        *Attorneys for Pérez Graulau*
        MCS Plaza, Suite 1200
        255 Ponce de León Ave.
        San Juan, Puerto Rico 00917
        Tel. 787.281.8100 / Fax 787.281.8310

**CERTIFICATE OF SERVICE**

I hereby certify that, on this day, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        **By: /s/ Heriberto López-Guzmán**