IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARIA RODRIGUEZ-DIAZ, ET AL.**, Plaintiffs, v. **JEAN ANDRES PEREZ-RODRIGUEZ, ET AL.**, Defendants | **Civ. No**. 14-1651 (DRD) |

## OPINION AND ORDER

Pending before the Court are several *Motions in Limine* filed by both parties (Docket Nos. 206, 209, 213, and 214) and the respective responses in opposition (Docket Nos. 228, 231, and 234). Plaintiffs Maria Rodriguez-Diaz, Maria Ferrer, and Carmen Cruz ("Plaintiffs") move to exclude the admission of the "black box" data from Angel Luis Fernandez-Rodriguez's ("the decedent") Honda Civic. Defendants Jean Perez-Rodriguez, Marcel Perez-Rodriguez, and Marcel Perez-Graulau ("Defendants") move to exclude the admission of: 1) Third-Party Defendant David Crespo's ("Crespo") affidavit that purportedly contradicts the allegations of the Third-Party Complaint; 2) testimony from Plaintiffs' expert witness, Ivan Baiges ("Baiges"), regarding the effects of blood alcohol content on drivers; and 3) Puerto Rico Police Department Agent Jose Andujar-Maldonado's ("Andujar-Maldonado") report adjudicating fault in the accident giving rise to the instant complaint. Also pending before the Court are Defendants' *Motions for Reconsideration* (Docket Nos. 201 and 220) of the Court's Order (Docket No. 200) which precluded the admission of the decedent's alcohol consumption on the night of the accident and the state court's finding on probable cause to arrest Defendant Jean Perez-Rodriguez for his role in the accident which caused Angel Luis Fernandez-Rodriguez's death. The Court will address each motion *seriatim*.

## I. RELEVANCE IN GENERAL

The Court begins by analyzing several basic principles that expound upon general relevance under Fed. R. Evid. 401. First, evidence is "relevant" if it has a tendency "to make a fact more or less probable than it would be without the evidence." Joseph W. Cotchett, Federal Courtroom Evidence § 401.2 (Mathew Bender, 5th Ed.) (citing Fed. R. Evid. 401). Proffered evidence is not relevant if it does not prove or disprove a matter at issue or does not "assist the trier of fact in determining [any] facts necessary to its decision[.]" *Id.* Hence, evidence is relevant "if it makes it more probable that a consequential fact is true." *Id.* at § 401.3 (citing *United States v. Mardirosian*, 602 F.3d 1, 11 (1st Cir. 2010), *cert. denied,* 131 S.Ct. 287 (2010)). Proffered evidence is also "relevant if it makes it more probable that a consequential fact is not true." *Id.* ("Evidence that roofer received no complaints of injuries caused by fumes after using roof adhesive was relevant to causation of plaintiff's injuries because it made it less probable that plaintiff's claim that fumes caused allergic reactions was true.") (citing *Varono v. Jabar*, 197 F.3d 1, 4-5 (1st Cir. 1999)). The admission of relevant evidence is to be analyzed under a "liberal standard of admissibility." *Id.* at § 401.4 (citing *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 6 (1st Cir. 2001)). Any perceived weakness of the proffered evidence usually "go[es] to its weight, not to its relevance or admissibility." *Id.* Moving on, Federal Rule of Evidence 402 states that the general rule of admissibility of relevant evidence under Federal Rule 401 persists unless otherwise provided by: the constitution of the United States, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. *Id.* at § 402.2 (citing Fed. R. Evid. 402). Having described the general policy whereby relevant evidence is to be deemed admissible, the Court now provides the general standards of the most common exception.

Federal Rule of Evidence 403 authorizes the trial court to exclude evidence—that is otherwise admissible under Rule 401—when the probative value of the proffered evidence "is **substantially** outweighed by the danger of one or more of the following: **unfair prejudice, confusing the issues, misleading the jury**, **undue delay, wasting time,** or needlessly presenting cumulative evidence." (emphasis provided). Prior to

reaching a decision under Rule 403, the Court must perform "a balancing analysis" whereby the probative value of a piece of evidence is weighed against its potential of: producing unfair prejudice, confusing the issues, misleading the jury, creating undue delay, and/or being unnecessarily repetitive. *See* Federal Courtroom Evidence at 403.2.1. Performing the balancing act is only the beginning; the Court then must carefully review the potential results. Under Rule 403, the Court is authorized to exclude relevant evidence only when its probative value is *substantially* outweighed by one or more 403 factor. (emphasis by the treatise, Cotchet Federal Courtroom Evidence (*Id.*)).

The exclusion of evidence is not the general rule; to the contrary, the "trial court's discretion to exclude relevant evidence under Rule 403 should be exercised with recognition that exclusion is **extraordinary and to be invoked sparingly**." *Id.* at § 403.2.1 (emphasis in original); *Harrington v. Hiller*, 883 F.2d 411, 414 (5th Cir. 1989) ("probative evidence should be 'sparingly' excluded"); *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) ("Rule 403 is extraordinary remedy whose 'major function . . . is limited to excluding matter of scant or cumulative probative force . . ..'"); *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) ("trial court's discretion to exclude relevant evidence under Rule 403 should be exercised with recognition that exclusion is extraordinary and to be invoked sparingly, with trial court striking the balance in favor of admission in most cases").[1]

"Because Rule 403 requires 'on-the-spot balancing' of probative value and prejudice, potentially excluding as unfairly prejudicial evidence that, nevertheless, is factually relevant," most, if not all, circuits review a trial court's determination using a "deferential standard." *Id.* at § 403.2.1 (citing *Sprint/United Management Co. v. Mendelsohn*, 128 S.Ct. 1140, 1145 (2008) ("trial court 'virtually always' is in a better position to assess admissibility of evidence")). The Court is reviewed under an abuse of discretion standard. *Id.* (citing *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 115 (1st Cir. 2003)).

---

[1] All cited parenthesis in this opinion and order are direct quotes from the treatise or from the Court adapted by the treatise: Federal Courtroom Evidence, *supra*.

3

The Court must provide any party that would be prejudiced by a determination to exclude evidence the right to express its position. *Id.* at § 403.2.1 (citing *United States v. Brooks*, 145 F.3d 446, 454-55 (1st Cir. 1998)). In the instant case, the prejudiced party is the one that attempts to proffer the evidence; however, both parties have provided their positions. A brief exposition of the parties' legal arguments is included in the following section when necessary.

## II. ANALYSIS

### i. Evidence Obtained from the Honda Civic's "Black Box"

Plaintiffs posit the admission of any data obtained from the Honda Civic's "black box," a device that records information relevant to vehicular accidents, contravenes Federal Rule of Civil Procedure 26, as Defendants failed to disclose the black box data in forming his opinions. Plaintiffs allege they did not have an opportunity to depose any witnesses regarding the information in the black box nor did they hire an expert to counter the opinions gleaned from that data. Defendants counter that Plaintiffs' expert decided not to request the Black Box data, despite having the opportunity to do so as the vehicle has always been under Plaintiffs' control. Defendants argue the data was lawfully obtained during the pendency of state criminal proceedings against Defendant Jean Perez-Rodriguez and is correctly relied-upon by experts in the field of accident reconstruction, as required under Federal Rule of Evidence 703.

Rule 26(a)(2) provides that all written reports prepared by experts in anticipation of litigation must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

4

Rule 26 better prepares attorneys to cross-examine opposing parties' experts at trial. *See Laplace–Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002). Under Rule 26, the Court has "broad discretion in meting out . . . sanctions for . . . violations." *Id.*; *see also Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999)("[E]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a).").

The provisions of Rule 26 have been held mandatory since the adoption of Rule 37(c)(1), its sister rule. Pursuant to Rule 37(c)(1), "[any] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence ... any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). Rule 37 "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of [Rule 26]." *Klonoski, M.D. v. Mahlab*, M.D., 156 F.3d 255, 269 (1st Cir. 1998). "[T]he required sanction in the ordinary case is mandatory preclusion." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004)(citing *Klonoski*). However, prior to exclusion, the Court is to look at: "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009).

Plaintiffs concede that Defendants' expert, Perry Ponder, complied with Rule 26 by disclosing the black box as data relied upon in drafting his expert's report. *See* Docket No. 213, page 2; *see also* Docket No. 231, Exhibit 1, page 2. Defendants also attached excerpts of the deposition of Plaintiffs' expert, Ivan Baiges, where Defendants confronted Baiges with his failure to use black box data and he admits that he did not consider obtaining the black box data. *See* Docket No. 231, Exhibit 2, page 8. Any claim of prejudice raised by Plaintiffs, therefore, is weakened by their own experts' admission that his failure to use the black box was product of a conscious decision, not Defendants' malfeasance. Plaintiffs' expert also admitted to

5

relying on black box data in other cases and admitted the black box data is routinely relied upon by other experts. *See* Fed. R. Evid. 703 ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."). Therefore, after weighing all the relevant factors, the Court finds Defendants' witness, Perry Ponder, may present his opinions derived from the black box data to the jury and may discuss his reliance upon the black box in reaching those opinions. Plaintiffs' *Motion in Limine to Exclude EDR Data* (Docket No. 213) is **DENIED**. Defendants, however, may not introduce the data as an independent exhibit as it was a document not previously disclosed in discovery.

      **ii.**     <u>**David Crespo's Affidavit**</u>

The Clerk of the Court entered Third-Party Defendant David Crespo's default on April 24, 2015 (Docket No. 61). Upon that entry, Crespo gave up his "right to contest liability." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). Defendants allege that Crespo's default and subsequent admittance of the facts pled in the third-party complaint bars Plaintiffs from introducing evidence that contradicts those allegations. However, this is an overbroad interpretation of the case law, which provides that the defendant against who the default is entered may not contest liability but is silent on parties that are not in default but who's interests may align with the defaulting party. *See Conetta v. National Hair Care Centers, Inc.*, 236 F.3d 67, 75-76 (1st Cir. 2001)("Although the authorities are not uniform, the prevailing view is tha tan entry of default prevents the defendant from disputing the truth of well-leaded facts in the complaint pertaining to liability."). Plaintiffs are not in default nor are they bound by the entry of default against Crespo. Defendants have provided no case law that stands for the proposition that third-parties are bound by the admissions of another party against whom default has been entered and the Court has similarly not found case law to those effects. *See, e.g., Willhauck v. Halpin*, 953 F.2d 689, 700 (1st Cir. 1991) ("issues adverted to in a perfunctory

manner, unaccompanied by some effort at developed argumentation, are deemed waived. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . . . Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace."). Plaintiffs may attempt to prove their case by attacking facts that appear in the third-party complaint and Defendants' *Motion to Preclude Plaintiffs from Contradicting David Crespo's Entry-of Default Admissions with Out-of-Court Declarations from Crespo Himself* (Docket No. 214) is **DENIED**.

The Court notes Crespo's affidavit poses a serious hearsay problem that would likely preclude its admissibility. At a prior in camera hearing, counsel alluded that the affidavit was admissible under Federal Rule of Evidence 807, the residual exception to hearsay. However, the Court finds the affidavit provided by the driver of one of the vehicles involved in a fatal automobile accident is not reliable and does not serve the purposes of the rules of evidence. *See* Fed. R. Evid. 807. Specifically, the driver is unlikely to implicate himself civilly, and potentially criminally, by admitting that he broke traffic laws and turned on a red light. Therefore, the Court finds the affidavit inadmissible under FRE 807. The Court also finds the probative value of this affidavit is very low, given that no party cross-examined Crespo nor questioned him regarding the veracity of the facts alleged in the affidavit. Nevertheless, if counsel provides an independent basis for admission of the affidavit the Court may reconsider its finding on its admissibility under the Rules of Evidence.

### iii. Plaintiffs' Expert Witness' Testimony Regarding BAC

Defendants move to exclude testimony from Ivan Baiges, Plaintiffs' expert witness, about the effects of alcohol on drivers as it lays outside his field of expertise—mechanical engineering. However, the data relied upon by Baiges in forming his opinions regarding alcohol's effect on drivers comes from a compilation from the National Highway Traffic Safety Administration, which studied the effects of certain levels of blood alcohol content ("BAC") on drivers' abilities. Pursuant to Federal Rule of Evidence 703, the expert may rely

on this data, as other experts do in his field. *See* Fed. R. Evid. 703. Defendants' *Motion to Preclude Plaintiffs' Expert Witness from Testifying and Opining about Blood Alcohol Content* (Docket No. 209) is **DENIED**.

### iv. Agent Andujar-Maldonado's Report

Defendants move to exclude the conclusions made by PRPD Agent Jose Andujar-Maldonado that Defendant Jean Perez-Rodriguez's "carelessness and negligence" caused the accident that gave rise to this action. Under Federal Rule of Evidence 803(8), a Court may admit a document from a public office if it "sets out in a civil case . . . factual findings from a legally authorized investigation . . . and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(A)(iii). Plaintiff reads this as permitting all of Andujar-Maldonado's factual findings and legal conclussions to enter into evidence. However, the Court finds the agent's conclusions regarding Defendant Jean Perez-Rodriguez being "careless" and negligent have little probative value, as the agent is not abreast of the applicable tort law. This little probative value is severly outweighed by the undue prejudice posed by a public officer's finding that a named defendant was careless and negligent in causing the accident which killed Plaintiffs' family member. *See* Fed. R. Evid. 403. Accordingly, the Court **GRANTS** Defendants' *Motion in Limine* (Docket No. 206) and **ORDERS** that Agent Andujar-Maldonado's conclusions regarding carelessness and negligence be redacted prior to the report's presentation into evidence, as the report's factual findings are admissible under FRE 803(8) and may be presented to the jury.

### v. The Decedent's Alcohol Consumption

On July 21, 2017, the Court held that "the deceased's consumption of alcohol on the night he died is irrelevant to the issues of the case as he was not driving the vehicle which Defendant Jean Perez-Rodriguez allegedly impacted." *See* Docket No. 200. Defendants now move the Court to reconsider this ruling and permit the admission of evidence regarding the decedent's consumption of alcohol on the evening of September 27, 2013. The Court finds reconsideration is warranted in light of the fact that the driver of the decedent's vehicle, David Crespo, had a learner's permit at the time he drove his car.

Section 5058 of Volume 9 of the Puerto Rico Civil Code provides that a driver with a learner's permit must be accompanied by a duly licensed driver who's physical and mental capacity "allow[s]him/her to act and instruct the learned and take charge of driving the vehicle if necessary." 9 P.R. Laws Ann. §5058 (i). Accordingly, if Defendants provide evidence that the decedent consumed alcohol to a point where he was unable to direct Crespo or take charge of the vehicle, the jury is entitled to find him partly liable the accident. Prior to handing Crespo his car keys, the decedent should have ensured Crespo was legally and physically able to drive the vehicle. The jury is entitled to pass judgment on the decedent's actions in allowing Crespo to drive his car on that night and his consumption of alcohol may help the jury do so. Defendants' *Motions for Reconsideration* (Docket No. 201 and 220) are **GRANTED in part**.

### vi. State Court's Probable Cause Finding

The Court **DENIES** Defendants' motions to reconsider the Court's ruling that evidence of the state court's finding that there was no probable cause to arrest Defendant Jean Perez-Rodriguez for the death of Angel Fernandez-Rodriguez "would serve an improper purpose, if admitted. Specifically, a state court's finding on probable cause does not dispose of any of the issues relating to Defendant Jean Perez-Rodriguez's potential civil liability for the accident that purportedly killed David Crespo. Aside from posing a hearsay problem, the evidence's risk of confusing the jury strongly outweighs its evidentiary value." Docket No. 200. The Court, however, **ORDERS** that all portions of the complaint reflecting that Defendant Jean Perez-Rodriguez is being criminally investigated and/or prosecuted be redacted prior to the complaint being provided to the jury.

### III. CONCLUSION

For the reasons provided above, the Court rules on Defendant's motions as follows:

i. Plaintiffs' *Motion in Limine to Exclude EDR Data* (Docket No. 213) is **DENIED**;
ii. Defendants' *Motion to Preclude Plaintiffs from Contradicting David Crespo's Entry-of-Default Admissions with Out-of-Court Declarations from Crespo Himself* (Docket No. 214) is **DENIED**;

- iii. Defendants' *Motion to Preclude Plaintiffs' Expert Witness from Testifying and Opining about Blood Alcohol Content* (Docket No. 209) is **DENIED**;
- iv. Defendants' *Motion in Limine* (Docket No. 206) is **GRANTED**; and
- v. Defendant's *Motion in Limine (Bank Accounts and Credit Card Statements)* (Docket No. 682); and
- vi. Defendants' *Motions for Reconsideration* (Docket No. 201 and 220) are **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of August, 2017.

/s/ Daniel R. Dominguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE