IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| María Rodríguez-Díaz, et als., <br><br> Plaintiffs, <br><br> v. <br><br> Jean Andres Perez-Rodríguez, et als., <br><br> Defendants. | Civil No. 14-1651 (DRD) |

**OPINION AND ORDER**

On January 16, 2017, Plaintiff María Rodríguez-Díaz ("Plaintiff") filed a Second Amended Complaint seeking damages for the death of her son, Angel Luis Fernández-Rodríguez, allegedly caused by Defendant Jean Andrés Pérez Rodríguez's ("Defendant") negligence on September 27, 2013. Plaintiff, as the sole member of her son's estate, filed a survivorship claim to recover for her son's pain and suffering prior to his death. See Docket No. 159, ¶23. Pending before the Court is Defendants' Jean Andrés Pérez Rodríguez, Marcel Perez-Rodriguez, and Marcel Andrés Pérez Graulau's (collectively, "Defendants") *Motion to Dismiss for Lack of Jurisdiction as to Survivorship Cause of Action* (Docket No. 179) wherein Defendants contend the Court lacks subject matter jurisdiction over Plaintiff's survivorship claim because diversity jurisdiction does not exist between Plaintiffs and Defendants.

1

In Puerto Rico, the survivorship of tort actions is governed by article 1802 of Puerto Rico Civil Code. See 31 LPRA §2081. Courts have further established two scenarios where a plaintiff can claim damages for wrongful death: 1) the "personal action of the original victim of the accident for the damages that the same suffered", and 2) the "action which corresponds exclusively and by own right to the deceased's close relatives for the damages the death of their predecessor caused them". Vda. de Delgado v. Boston Ins., Co., 101 D.P.R. 598, 1 P.R. Offic. Trans. 823, 825 (1973) (citing Caéz v. U.S. Casualty Co., 80 P.R. R. 729, 736); see also Cason v. Puerto Rico Elec. Power Authority, 770 F. 3d 971, 974-975 (1st Cir. 2014); Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14 (D.P.R. 2010). The former is what is known as a "survivorship action."

While federal courts are of limited jurisdiction, diversity jurisdiction has become one of the most commonly used mechanisms to access the federal court system. Advocates of diversity jurisdiction must overcome the following obstacles in order to litigate in the federal courts: "(i) demonstrating the existence of complete diversity of citizenship between the parties; and (ii) establishing that the amount in controversy exceeds $75,000, exclusive interests and costs." See Rodríguez-Rivera v. Wal-Mart Puerto Rico, Inc., 2015 WL 3490169, at *2 (D.P.R. 2015); *see also* 28 U.S.C. §1332.

In the case at bar, the issue is not the amount in controversy, rather the complete diversity of citizenship between Defendants. See generally, Bautista Cayman Asset company v. The Ferrer Group, Inc.,

2016 WL 1642630 (D.P.R. 2016); Flores v. Wyndham Grand Resort, 873 F. Supp. 2d 444 (D.P.R. 2012) for recent cases wherein the district court has addressed complete diversity between the parties. The Bautista court, for example explained that "[c]omplete diversity exists only when 'no plaintiff is a citizen of the same state as any defendant.'" See Bautista, 2016 WL at *2 (citing Diaz-Rodríguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005) (internal citations omitted). Likewise, courts must abide by the diversity requirements codified in 28 U.S.C. §1332.

Both Plaintiff and Defendants mention Arias Rosado v. Gonzalez Tirado, 111 F. Supp. 2d 96 (D.P.R. 2000) in their respective motions. Plaintiffs contest that the holding in Arias is "unambiguous." Plaintiffs argue that Plaintiff brought the survivorship cause of action on her own behalf and as the sole heir of her son's estate. In bringing the action on her own behalf, she therefore retains her California citizenship and should not be considered a representative of the legal estate for the purposes of §1332(c)(2). They also criticize Defendants attempts to allege that all members of the estate must claim the survivorship cause of action. They contend that this is not necessary since the sole heir of the deceased's estate is Plaintiff Rodríguez-Diaz.

The Court agrees with Defendants contentions regarding the incorrect assumptions made by the district court in Arias. Defendants contest that the Arias court failed by: 1) incorrectly applying Puerto Rico Supreme Court precedent; 2) failing to understand the distinction

3

between a wrongful death action and a survivorship claim; and 3) mistakenly relying on a Seventh Circuit interpretation of Louisiana Law. The Arias court, for example, failed to explain that a survivorship action is one brought under the first scenario of a 1802 tortious claim, and thus not every wrongful death is eligible to be considered a survivorship claim. Likewise, recent case law has criticized the Arias court for ignoring the citizenship of each absent heir. The decision has also been critiqued for suggesting that "an heir's favorable judgment disposes of the survivorship claim and benefits all of the absent heirs." See Cruz-Gascot, 728 F. Supp.2d at 27-28; s*ee also* Jiménez v. Rodríguez-Pagán, 597 F.3d 18 (1st Cir. 2010)(wherein the Court expressed concern regarding the Arias interpretation of how Puerto Rico law concludes that not all heirs have to be before a Court). We also agree with Defendant's position that the Arias court, and by extension the Plaintiffs' allegations, exclude certain key notions of Puerto Rico succession law.

Puerto Rico's Civil Code article 599 provides that a "[s]uccession is the transmission of the rights and obligations of a deceased person to his heirs." See 31 LPRA §2081. Case law further provides that the heirs of the deceased are tasked with keeping the legal position of the deceased intact. *See* Ex parte Feliciano Suarez, 117 D.P.R. 402, 17 P.R. Office Trans. 488,500 (1986). Here, both parties agree that María Rodríguez-Díaz is the sole member of the estate of Angel Luis Fernández-Rodríguez. As such, she is considered "a continuation of the juridical personality of the deceased." Vda.

4

de Delgado, 101 D.P.R. at 828. Therefore, while she is domiciled in California, for all effects and purposes she retains the citizenship of her son, that is to say Puerto Rico, and not the other way around. Thus, since Defendants are all from Puerto Rico, no diversity jurisdiction exists.

Notwithstanding the above-mentioned, the Court will exercise its supplemental jurisdiction over the case. Pursuant to 28 U.S.C. §1367(a), a court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Several claims can be grouped under the same claim "when 'the state and federal claims ... derive from a common nucleus of operative fact ... [I]f, considered without regard to their federal or state character, a plaintiff's claims ... would ordinarily be ... [tried] in one judicial proceeding, then ... there is power in federal courts to hear the whole.'" See Iravedra v. Municipality of Guaynabo, 2017 WL 1208405 at *2 (D.P.R. 2017) (citing United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1966)). Finally, 28 U.S.C. § 1367(c) enumerates the four exceptions wherein a court may decline to exercise supplemental jurisdiction over a claim. Here, the claim made by Defendants does not fall into any of these exceptions and denying jurisdiction would not be in "the interests of fairness, judicial economy, convenience,

5

and comity" since all the federal claims remain. See <u>Desjardins v. Willard</u>, 777 F. 3d 43, 45 (1st Cir. 2015); <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545 U.S. 546 (2005).

## I. CONCLUSION

For the aforementioned reasons, the Court hereby **DENIES** Defendants' *Motion to Dismiss for Lack of Jurisdiction as to Survivorship Cause of Action* (Docket No. 179).[1]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of August, 2017.

/s/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge

---

[1] While the Court notes that claims regarding damages for the pain and suffering of the deceased in this case prior to his death are of nominal amount since the deceased was unconscious from the time of the accident until his death, which suggests he suffered minimally if at all, we are still choosing to exercise jurisdiction over the case at bar at this early time, subject to a Rule 50 dismissal request at the end of Plaintiff's case. See Fed.R.Civ.P. 50.